FILED
 2011 Jun-07  PM 03:00
U.S. DISTRICT COURT
   N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **FRIENDS OF HURRICANE CREEK; JOHN WATHEN,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**BUILDERS GROUP DEVELOP-MENT, L.L.C.,** )<br>)<br>Defendant. )<br>)<br>**BUILDERS GROUP DEVELOP-MENT, LLC,** )<br>)<br>Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>**WOODLAND PLACE, L.L.C.; SDW, INC.,** )<br>)<br>Third-Party Defendants. )  | Case Number 7:08-CV-0875-SLB |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss filed by third-party defendant, Woodland Place, L.L.C. (Doc. 55.)¹ Defendant/third-party plaintiff, Builders Group Development, "BGD," filed a Third Party Complaint seeking indemnity and contribution, as well as claims of negligence and wantonness. (*See generally* doc. 52.)

---

¹Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Woodland has filed a Motion to Dismiss the Third Party Complaint, arguing Alabama law bars BGD's claim for indemnification and/or contribution. (Doc. 55 at 2-3.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that Woodland's Motion to Dismiss, (doc. 55), is due to be denied.

Woodland argues:

>    3. The Third Party Complaint specifically asserts claims for indemnity and contribution against Woodland Place. [(Doc. 52 ¶¶ 28-30.)]
>
>    4. "[T]here is no right to indemnity or contribution between joint tortfeasors in Alabama." *SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.*, 939 So. 2d 885, 899 (Ala. Civ. App. 2005) *citing Crigler v. Salac*, 438 So. 2d 1375 (Ala.1983); *Parker v. Mauldin*, 353 So. 2d 1375 (Ala.1977)); *see also*, *Greyhound Lines, Inc., v. Goodyear Tire & Rubber Company*, 2009 WL 3079198 (M.D. Ala. 2009)("As a general rule under Alabama law, there is no right of indemnity or contribution among joint tortfeasors.") *citing Coates v. CTB, Inc.*, 173 F. Supp. 2d 1200, 1203 (M.D. Ala.2001); *Combs v. Continental Casualty Co.*, 54 F. Supp. 507 (N.D. Ala. 1944)("under the law of Alabama there is no right of contribution").
>
>    5. Thus, "[t]hus if a plaintiff sues one of two negligent joint tortfeasors, the one sued cannot implead the other under Rule 14, for he has no substantive right against the other." *SouthTrust Bank*, 939 So. 2d at 900; (citing *Ala. R. Civ. Pro.* 14 cmts.); *see also*, Wright & Miller, *Federal Practice and Procedure* § 1448 ("In those jurisdictions that follow the common-law rule and do not recognize a right of contribution between joint tortfeasors, impleader for contribution will not be allowed . . . . If plaintiff decides not to sue all of the tortfeasors, those that are sued cannot employ Rule 14 to seek contribution from their more fortunate fellows."); 1 C. Lyons, *Alabama Rules of Civil Procedure Annotated* 238 (1986) ("[T]hird-party practice cannot undermine the Alabama law which denies contribution among joint tortfeasors. Thus a defendant cannot use Rule 14 as the vehicle for tendering to the plaintiff a defendant which the plaintiff has elected not to sue.").
>
>    6. In this case "those that are sued [Builders Group] cannot employ Rule 14 to seek contribution from their more fortunate fellows." *See* Wright

> & Miller, *Federal Practice and Procedure* § 1448. As such, Builders Group's Third Party complaint against Woodland is barred by the law in Alabama disallowing contribution or indemnity among joint tortfeasors and is due to be dismissed.

(*Id*. at 2-3.)  Although Woodland correctly states Alabama's law regarding contribution and/or indemnity between joint tortfeasors, Alabama's law does not apply to the question of whether BGD can seek contribution and indemnity.  The question of whether BGD has a right to indemnification or contribution for any liability incurred in the citizen's suit under the Clean Water Act brought by Friends of Hurricane Creek and John Wathen is answered by reference to *federal* law.

"A defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute *only* if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." *Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 212 (9th Cir. 1991) (citing *Texas Industries, Inc. v. Radcliff Materials*, 451 U.S. 630, 638 (1981); *Northwest Airlines v. Transport Workers Union of America*, 451 U.S. 77, 90-91 (1981))(emphasis added).  Indeed, "state law is simply not relevant where the underlying liability of the defendant seeking contribution [or indemnity] has its source in federal statutory law." *Gilmore v. List & Clark Const. Co.*, 866 F. Supp. 1310, 1313 (D. Kan. 1994); *see also Johnston v. Smith*, No. 1:95-CV-595-RCF, 1997 WL 584349, *1 (N.D. Ga. June 10, 1997)(quoting *Gilmore*, 866 F. Supp. at 1313 n.7 (D. Kan.1994); citing *Mortgages, Inc.*, 934

3

F.2d at 212). Alabama state law barring contribution and indemnity between joint tortfeasors does not compel dismissal of BGD's claim for indemnity and/or contribution for any liability it may incur under the Clean Water Act.[2]

Therefore, the court will deny Woodland's Motion to Dismiss. The dismissal will be without prejudice to Woodland's right to refile its Motion to Dismiss citing and arguing appropriate federal law.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Woodland's Motion to Dismiss, (doc. 55), is due to be denied. An Order denying the Motion to Dismiss, (doc. 55), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 7th day of June, 2011.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court notes that the federal law is not settled as to whether BGD may assert an indemnity and/or contribution claim under these circumstances. However, because Woodland has not raised this as a ground for dismissal, the court declines to address, *sua sponte*, whether a claim for contribution and/or indemnity is cognizable under federal law.